UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:22-cv-00227-D

| | | |
|---|---|---|
| PEN-TECH ASSOCIATES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DANIEL P. KANG a/k/a DANIEL | ) | **STIPULATED PROTECTIVE ORDER** |
| CHUNG; MICHAEL KIM; | ) | |
| THE GAME LAB, LLC; | ) | |
| HUNG NGUYEN a/k/a MICHAEL | ) | |
| NGUYEN; MATEO PEREZ; and | ) | |
| 4D AMUSEMENT, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## STIPULATED PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 26(c)(1), and upon stipulation and for good cause shown, it is hereby ORDERED that:

1.    Plaintiff Pen-Tech Associates, Inc. ("Pen-Tech"), Defendant Daniel Chung ("Chung"), Defendant Mateo Perez ("Perez"), Defendant 4D Amusement, LLC ("4D Amusement"), and Defendant Hung Nguyen a/k/a Michael Nguyen ("Nguyen") (collectively, the "Parties"), in order to protect confidential business, proprietary, financial, personal and/or trade secret information, while consistent with the public's right to access the Court's records and processes, stipulate that the following terms and conditions shall govern the disclosure and use of confidential information in this case (the "Protective Order").

2.    This Protective Order, which includes the incorporation of the applicable sections of the CM/ECF Policy Manual and Local Rule 79.2, shall govern the handling of all Documents

provided to a Party by a Subject Person. In the event of a conflict between this Protective Order on the one hand and either the CM/ECF Policy Manual or Local Rule 79.2 on the other, the latter shall control. This Protective Order also shall govern the handling of any and all Documents previously exchanged between the Parties, to the extent a Producing Party designated the previously exchanged Documents as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" relating to the underlying claims and defenses at issue in this case, and supersedes any prior confidentiality agreements concerning the exchange of such Documents.

3.     As used in this Order, "Subject Person" means any Party, Producing Party or any other entity or person making itself subject to this Order by signing an Acknowledgment in the form attached here as Appendix A.

4.     As used in this Protective Order, "Document" shall include the documents, information and materials listed in Fed. R. Civ. P. 34(a)(1), including any documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form, as well as any responses to written discovery and any deposition testimony.

5.     As used in this Protective Order, "Producing Party" means any Party or non-party that discloses or produces any Document in this case, including any Subject Person.

6.     As used in this Protective Order "Outside Counsel" means counsel who appear on the pleadings as counsel for a Party, Producing Party or Subject Person and any partners, associates, and staff of such counsel to whom it is reasonably necessary to disclose the information for this litigation.

7.     A Producing Party disclosing Documents in this action may designate all or a portion of those Documents as "Confidential" or "Highly Confidential- Attorneys' Eyes Only." Such a designation shall constitute a representation by the Producing Party that it believes in good faith that the Document so designated contains trade secret or other confidential research, development or commercial information, not generally known to the public whose unrestricted disclosure could cause competitive or other injury, or annoyance, embarrassment or oppression to the disclosing Producing Party, or other information protected from public disclosure by statute or regulation or otherwise under applicable law.  Producing Parties shall reasonably limit in scope all "Confidential" and "Highly Confidential –Attorneys' Eyes Only" designations.

8.     A Producing Party designating Documents as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" shall do so in any way reasonably calculated to advise any other Subject Person of that designation, including but not limited to by:

a)     During a deposition, indicating on the record that certain testimony is designated as "Confidential" or "Highly Confidential –Attorneys' Eyes Only;"

b)     After a deposition, notifying all parties in writing no later than fourteen (14) days from the date of delivery of the transcript by the reporter that certain testimony is designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only;"

c)     Affixing appropriate labels to such designated Documents; or

d)     Designating specific Documents as "Confidential" or "Highly Confidential –Attorneys' Eyes Only" in correspondence provided to the Parties.

For a period of fourteen (14) days from the date of delivery by the reporter, Subject Persons shall treat each deposition transcript as "Highly Confidential –Attorneys' Eyes Only" in its entirety.

9.      Subject Persons receiving "Confidential" Documents may disclose these Documents only to:

a)      Outside Counsel and in-house lawyers, including secretaries, paralegals and document clerks;

b)      Each Party, and any current or former director, officer, member, partner, employee, agent, representative or affiliate of a Party that is involved in this matter as part of his or her responsibilities in the ordinary course of business or who is requested by that Party or any of its attorneys to provide work or services related to this case;

c)      Insurers, accountants, auditors, independent consultants or regulators to whom a Party may be required to respond or report in their ordinary course of business regarding the case or proceedings arising out of or related to the case;

d)      Experts specially retained by a Party or its counsel of record for the purpose of assisting in this case, such as marketing experts, accountants, economists and damages experts, including their staff, but only to the extent that, and for the time during which, such disclosure becomes necessary for such expert to perform his or her assigned tasks and to be disclosed as required with the standing Scheduling Order and in accordance with Fed. R. Civ. P. 26(a)(2);

e)     Any witness in this case, and his or her counsel, but only for the witness's review in preparation for or during his or her deposition or in preparation for his or her testimony in this case;

f)     Mediators or similar outside parties and their staffs enlisted by the Parties to assist in the resolution of the claims and defenses of the Parties, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order;

g)     Litigation support vendors retained by counsel for such functions as document collection, processing, management, coding, hosting, review or storage and photocopying, scanning, stenography, videography, imaging or preparation of graphics, demonstratives or other exhibits for deposition, trial or other court proceedings, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order;

h)     Privately retained court reporters, videographers or transcribers employed in connection with this case or proceedings arising out of or related to this case, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order;

i)     The Court and its staff;

j)     Any person to whom the information justifying the Document's designation as "Confidential" has previously been disclosed by the disclosing Subject Person; and

k)      Any other person for whom the Subject Person receiving the information can show good cause, but only upon order of the Court or with advance written permission of the Producing Party.

Notwithstanding the foregoing, this Order will not bar or otherwise restrict Outside Counsel from rendering advice to his or her client with respect to this matter or from generally referring to or relying upon "Confidential" information in rendering such advice.

10.     Subject Persons receiving "Highly Confidential –Attorneys' Eyes Only" Documents may disclose these Documents only to persons identified in Paragraph 9(a) (but not including in-house lawyers or their secretaries, paralegals and document clerks), (c), (d) and (f) – (k) above.  Notwithstanding the foregoing, this Protective Order will not bar or otherwise restrict Outside Counsel from rendering advice to his or her client with respect to this matter or from generally referring to or relying upon "Highly Confidential –Attorneys' Eyes Only" information in rendering such advice.

11.     Subject Persons receiving Documents designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" shall:

a)      Not disclose such Documents except as permitted under this Order;

b)      Use those Documents only in this case or in any effort by the Parties to obtain insurance or indemnities related to this case; and

c)      Maintain those Documents in a manner reasonably designed to prevent their unauthorized disclosure.

12.     All Subject Persons receiving any Document designated as "Confidential" or "Highly Confidential –Attorneys' Eyes Only" under Paragraphs 9(c)-(e), (g), and (k) shall sign an Acknowledgment in the form attached here as Appendix A.  Each Subject Person disclosing

6

Documents under Paragraphs 9 and 10 shall maintain signed copies of all Acknowledgments obtained by that disclosing Subject Person. In the event a Party believes, in good faith, that there has been a violation of this Order, that Party shall notify the opposing Party in writing of such alleged violation and may demand a copy of the executed Acknowledgment of all persons connected to the suspected violation, which copy shall be produced within seven (7) days of the demand.

13.     "Confidential" and "Highly Confidential –Attorneys' Eyes Only" information does not include, and this Protective Order does not apply to, information that has been disclosed by persons and through methods authorized by the information owner to the public or third persons in a manner making such information no longer confidential other than by means of this Protective Order.

14.     Nothing in this Order shall prevent the disclosure of Documents designated as "Confidential" or "Highly Confidential –Attorneys' Eyes Only:"

> a)     by the Producing Party so designating such Documents;
>
> b)     by Subject Persons under terms consented to by the Producing Party designating the Document; or
>
> c)     by Order of the Court, after notice to all affected parties.

15.     A Subject Person inadvertently disclosing "Confidential" or "Highly Confidential – Attorneys' Eyes Only" Documents without the proper designation may, within fourteen (14) days of learning of such disclosure, substitute properly designated Documents for those inadvertently disclosed without designation. A Subject Person receiving subsequently designated Documents shall within fourteen (14) days of the receipt of such Documents:

a)      Give notice to each Subject Person to whom the receiving Subject Person disclosed undesignated Documents;

b)      Attempt to retrieve all previously disclosed copies of such Documents; and

c)      Substitute the properly designated Documents.

The inadvertent production of "Confidential" or "Highly Confidential –Attorneys' Eyes Only" information without a designation does not constitute a waiver of the right to claim a "Confidential" or "Highly Confidential –Attorneys' Eyes Only" designation.

16.     Any Subject Person who receives from persons not subject to this Order a request or demand otherwise effective under state or federal law for Documents designated as "Confidential" or "Highly Confidential –Attorneys' Eyes Only" by other Subject Persons shall:

a)      Give written notice to the designating Subject Person and to all Parties within fourteen (14) days of receiving the request or demand; and

b)      Withhold production of the Documents for as long as permitted by law or until authorized to disclose the Documents by the Court or designating Subject Party.

Nothing in this Order, however, shall prevent any Subject Person from, after providing the written notice described in this paragraph, disclosing any such Document by the date indicated by an administrative or court order, demand, summons, subpoena or other request or demand from any governmental agency or grand jury.

17.     A Party shall not be obligated to challenge the designation of documents as "Confidential" or "Highly Confidential –Attorneys' Eyes Only" by another Subject Person at the time the Documents are designated, and a Party's failure to challenge the designation at that time shall not preclude a later challenge.  Upon a challenge to an assertion of such designation of

confidentiality by a Party, the Subject Persons shall try first to resolve such dispute in good faith and on an informal basis. If the Subject Persons cannot resolve their dispute informally, the Subject Person seeking the confidentiality protection shall have the burden of applying to the Court for a protective order specific to those Documents. The Parties reserve the right to dispute whether the attorney-client privilege, work-product doctrine or any other privilege or immunity apply to any documents or information provided by the designating Subject Person and this Protective Order does not waive or limit any right that the receiving Party may have to seek such documents or information.

18.     In the interests of streamlining discovery and avoiding unnecessary conflicts between the Parties, if during the course of this case, a Subject Person produces or discloses a Document that the Subject Person claims to be privileged or protected from discovery by the attorney work-product doctrine, the attorney-client privilege or any other privilege or protection, the producing Subject Person will give notice thereof to the receiving Subject Person in writing. Upon receipt of such notice, the receiving Subject Person shall not read or review the contents of the Document that is subject to the notice. Within seven (7) days of receiving such notice, the Document in question will be returned to the producing Subject Person or the receiving Subject Person will certify that any and all copies of the Document have been retrieved and destroyed, and the receiving Subject Person will certify that all portions of any notes and work product quoting or referring to the Document have been deleted or destroyed. If the receiving Subject Person has disclosed the information to others before being notified of the claim of privilege or protection, the receiving Subject Person must take reasonable steps to retrieve and return or destroy the disclosed information. The receiving Subject Person upon receiving a privilege log identifying the document or information remains free to challenge any claim of privilege or protection, but shall

not make any claim that the production of the document caused or resulted in a waiver of any privilege or protection. Moreover, absent a ruling that the Document at issue is not privileged or protected, a receiving Subject Person may not disclose nor make any use whatsoever of the Document or any information disclosed in or derived from the Document at issue. In the interests of effectuating this Protective Order and protecting the efficient process of discovery in this case, Documents produced during the course of this case which are claimed to be privileged or protected and sought to be reclaimed by a Subject Person under this paragraph shall not be used as grounds by any non-party to argue that any waiver of privilege or protection has occurred by virtue of any production. Any analyses, memoranda or notes which were created based upon such inadvertently-produced information shall immediately be treated in conformance with the protected nature of the information.

19. Neither agreeing nor complying with this Order, nor producing or receiving any Document designated "Confidential" or "Highly Confidential –Attorneys' Eyes Only" shall prejudice in any way the rights of:

a) Any Subject Person to object to the production of documents it considers privileged or otherwise not subject to discovery;

b) Any Party to object to the authenticity or admissibility into evidence of any documents, testimony or other evidence subject to this Protective Order;

c) Any Subject Person to seek a determination by the Court of whether any Documents designated "Confidential" or "Highly Confidential –Attorneys' Eyes Only" should be subject to the terms of this Protective Order;

d) Any Party to object to the production of documents or information;

e)      Any Party to move for an order compelling the production of documents or information; or

f)      Any Subject Person to move for modification of this Protective Order.

20.      Designated Material may be included, attached or referred to in pleadings, motions, briefs and other documents filed with the Court only in accordance with the Federal Rules of Civil Procedure and the Local Rules. Specifically, before filing any information that has been designated "CONFIDENTIAL" or "Highly Confidential –Attorneys' Eyes Only" with the Court, or any pleadings, motions or other papers that disclose any such information, counsel shall confer with counsel for the Party that produced the information so designated about how it should be filed. If the Party that produced the information so designated desires that the materials be filed under seal, then the filing Party shall file the materials in accordance with Local Civil Rule 79.2, EDNC, with notice served upon the producing party. The filing of the materials under seal shall not be binding on the Court, however. Within 10 days of service of such notice, the party desiring that the materials be maintained under seal shall file with the Court a Motion to Seal and supporting memorandum of law specifying the interests which would be served by restricting public access to the information. The Party that initially filed the materials need not file any such Motion to Seal or otherwise defend another Party's desire that the materials remain sealed. The Court will grant the Motion to Seal only after providing adequate notice to the public and opportunity for interested parties to object, after carefully weighing the interests advanced by the movant and those interests favoring public access to judicial documents and records, and upon finding that the interests advanced by the movant override any common law or constitutional right of public access which may attach to the information. Documents submitted under seal in accordance with this paragraph will remain under seal pending the Court's ruling. If the Party

desiring that the information be maintained under seal does not timely file a Motion to Seal, then the materials will be deemed unsealed, without need for order of the Court.

21. <u>Sealed Documents</u>. Except for motions filed under seal in accordance with Section V.G.1.(f), each time a party seeks to file under seal, the party must accompany the request with a motion to seal. The motion to seal may be filed without a supporting memorandum only if the filing party can cite a statute, rule, standing order or court order that requires the filing to be sealed. Absent such authority, the filing party must submit a supporting memorandum that specifies:

      (i)    The exact document or item, or portions thereof, for which the filing under seal is requested;

      (ii)    How such request to seal overcomes the common law or the First Amendment presumption to access:

      (iii)    The specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interest in access;

      (iv)    The reasons why alternatives to sealing are inadequate; and

      (v)    Whether there is consent to the motion.

22. Nothing in this Order shall prevent a Subject Person from using its own Documents designated "Confidential" or "Highly Confidential –Attorneys' Eyes Only" for any purpose. Nothing in this Order shall be construed to prevent a Subject Person who has designated Documents as "Confidential" or "Highly Confidential –Attorneys' Eyes Only" from agreeing to release any such documents, information or materials from the requirements of this Order, and if it decides to do so, it shall notify the other Parties in writing. A Subject Person's rights pursuant to this Order may only be waived by a writing clearly evidencing its intent to waive such rights.

23.     Information Designated Restricted Confidential - Source Code.  Notwithstanding

anything in this Order to the contrary, this Paragraph 22 shall govern the Parties' rights, duties and

obligations as it pertains to source code.

a)     The CONFIDENTIAL OUTSIDE COUNSEL ONLY - SOURCE CODE

designation is reserved for CONFIDENTIAL INFORMATION that

contains or describes a Party's Source Code.  The following conditions shall

govern the production, review and use of Source Code or design

documentation information, to the extent production of Source Code

becomes necessary to the prosecution or defense of the case.

b)     Nothing in this Order shall be construed as a representation or

admission that Source Code is properly discoverable in this action, or to

obligate any Party to produce Source Code.

c)     All such Source Code, and any other Protected Information designated as

"CONFIDENTIAL OUTSIDE COUNSEL ONLY - SOURCE CODE"

(or marked "ATTORNEYS' EYES ONLY - SOURCE CODE,"

"CONFIDENTIAL - SOURCE CODE," or "RESTRICTED

CONFIDENTIAL - SOURCE CODE") shall be subject to the following

provisions:

i.     Source Code, to the extent any Producing Party provides any such

information, shall ONLY be made available for inspection, not

produced except as provided for below, and shall be made

available in searchable electronic format at one of the following

locations chosen at the sole discretion of the Producing Party: (1)

13

the offices of any of the Producing Party's Outside Counsel , as selected by the Producing Party or (2) a single, third-party site (e.g., an escrow company) . Source Code will be loaded on a single non-networked, password-protected computer, without Internet access, on which all access ports may be disabled, maintained in a secure, locked area as necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal or other transfer of any Source Code outside or away from the computer on which the Source Code is provided for inspection (the "Source Code Computer" in the "Source Code Review Room"). Use or possession of any input/output device (e.g., USB memory stick, cameras or any camera-enabled device, CDs, DVDs, floppy disk, portable hard drive, laptop, or any drives of any kind), recordable media, or recording device (e.g., sound recorder, cellular telephone, tablet computer, etc.) is prohibited while accessing the computer containing the Source Code. The Receiving Party's outside counsel and/or experts may not copy the Source Code into the notes. All persons entering the room containing Source Code must agree to submit to reasonable security measures to insure they are not carrying any prohibited items before they are given access to the locked room. After the Producing Party has notified the Receiving Party that Source Code is available for review, but not prior to such notification, the

computer containing Source Code will be made available for inspection during regular business hours (excluding holidays). Prior to the first inspection of any requested Source Code, the Receiving Party shall provide 3 business days (i.e., 72 hours) notice of the Source Code that it wishes to inspect. The Receiving Party shall provide 3 business days (i.e., 72 hours) notice prior to any inspection period, with a reasonable estimate of the number of consecutive days needed for such inspection period. The Parties shall work together in good faith to accommodate each other's logistics needs in arranging the inspection period or periods.

ii.    The Receiving Party's Outside Counsel and/or experts may request that commercially available licensed software tools for viewing and searching Source Code be installed on the secured computer, provided, however, that (a) the Receiving Party possesses an appropriate license to such software tools; (b) the Producing Party approves such software tools; and (c) such other software tools are reasonably necessary for the Receiving Party to perform its review of the Source Code consistent with all of the protections herein. The Receiving Party may provide the Producing Party with the CD or DVD or weblink for download, and ensure that (i) there is no cost associated with the software tool to the Producing Party; (ii) such software is commercially available and properly licensed by the Receiving Party; and (iii) the installation does not raise policy or

technical issue(s) containing such software tool(s) at least fourteen (14) days in advance of the inspection, and the Producing Party shall install such software tools as soon as reasonably possible, but no later than fourteen (14) days after receiving such software tools.  In no event shall the Receiving Party use any compilers, interpreters or simulators in connection with the Producing Party's Source Code. Should the Receiving Party wish that the Producing Party assist in acquiring the license for the software tools and in installing them, the Receiving Party shall reimburse the Producing Party all costs associated with the license acquisition and with the installation.

iii.   The Receiving Party's Outside Counsel and/or expert shall be entitled to take notes relating to the Source Code but may not copy any portion of the Source Code into the notes and may not take such notes electronically or on any electronic device.  Each page of any such notes containing Source Code information (and any additional notes, analyses, or descriptions relating thereto) must be marked as "CONFIDENTIAL OUTSIDE COUNSEL ONLY – SOURCE CODE."  No copies of all or any portion of the Source Code may leave the room in which the Source Code is inspected except as otherwise provided herein.  No electronic or physical copies of such notes may be made.  Further, no other written or electronic record of the Source Code is permitted except as otherwise provided herein.

iv. No person shall copy, e-mail, transmit, upload, download, print, photograph or otherwise duplicate any portion of the designated Source Code, except as otherwise permitted herein and except that the Receiving Party may request a reasonable number of pages of Source Code to be printed by the Producing Party, but only if and to the extent necessary to prepare court filings or pleadings or other papers (including deposition exhibits and a testifying expert's expert report and demonstratives) for use in this action. In no event may the Receiving Party request the printing of more than 10 consecutive pages of a continuous block of Source Code, or an aggregate total of more than 50 pages, of Source Code during this case without good cause shown. To the extent applicable, printouts shall be in color. Upon the printing any such portions of Source Code, the printed pages shall be kept by the Producing Party. Within seven (7) days or such additional time as necessary due to volume requested, the Producing Party will provide the requested material bearing Bates numbers and the legend "CONFIDENTIAL OUTSIDE COUNSEL ONLY - SOURCE CODE" unless objected to as discussed below. The printed pages shall constitute part of the Source Code produced by the Producing Party in this action. At the inspecting Party's request, up to three additional sets (or subsets) of printed Source Code may be requested and provided by the Producing Party in a timely fashion. The Receiving Party shall not print Source Code in

order to review blocks of Source Code elsewhere in the first instance, *i.e.,* as an alternative to reviewing that Source Code electronically on the Source Code Computer, as the parties acknowledge and agree that the purpose of the protections herein would be frustrated by printing portions of Source Code for review and analysis elsewhere, and that printing is permitted only when necessary to prepare SOURCE CODE DOCUMENTS as discussed in Paragraph XIII below.

v.     If the Producing Party objects that the printed portions are not reasonably necessary to any case preparation activity, the Producing Party shall make such objection known to the Receiving Party within seven (7) days.  If five (5) days after meeting and conferring the Producing Party and the Receiving Party cannot resolve the objection (where such meet-and-confer need not take place in person), either Party shall be entitled, but not required, to seek a Court resolution of whether the printed Source Code in question is reasonably necessary to any case preparation activity. Contested Source Code printouts need not be produced to the requesting Party but shall remain available for inspection at the chosen location until the matter is resolved by the Court.

vi.    Any printed pages of Source Code, and any other documents or things reflecting Source Code that have been designated by the Producing Party as "CONFIDENTIAL OUTSIDE COUNSEL

ONLY - SOURCE CODE" may not be copied, digitally imaged or

otherwise duplicated, except in limited excerpts necessary to attach

as exhibits to depositions, expert reports, or court filings as

discussed below.

vii.    Any paper copies designated "CONFIDENTIAL OUTSIDE

COUNSEL ONLY - SOURCE CODE" shall be stored or viewed

only at (i) the offices of Outside Counsel for the Receiving Party,

(ii) the offices of outside experts or consultants who have been

approved to access Source Code; (iii) the site where any deposition

is taken (iv) the Court; or (v) any intermediate location necessary

to transport the information to a hearing, trial or deposition. Any

such paper copies shall be maintained at all times in secure

location under the direct control of counsel responsible for

maintaining the security and confidentiality of the designated

materials. The Source Code shall be stored in a locked room or

cabinet at all times when it is not in use.

viii.    A list of names of persons who will view the Source Code will be

provided to the Producing Party in conjunction with any written

(including email) notice forty-eight (48) hours prior to inspection.

Such identification shall be in addition to any other disclosure

required under this Order. If any litigation counsel is

accompanying the persons who will view the Source Code, the

name of such counsel shall be provided sufficiently in advance

(e.g., twenty-four (24) hours before arrival) to allow adequate time to alert the personnel at the location where the source code will be made available. The Producing Party shall maintain a daily log of the names of persons who enter the locked room to view the Source Code and when they enter and depart. Proper identification of all authorized persons shall be provided prior to any access to the secure room or the computer containing Source Code. Proper identification requires showing, at a minimum, a photo identification card sanctioned by the government of any State of the United States, by the government of the United States, or by the nation state of the authorized person's current citizenship. Access to the Source Code Review Room or the Source Code Computer may be denied, at the discretion of the Producing Party, to any individual who fails to provide proper identification. The Producing Party shall be entitled to have a person observe all entrances and exits from the Source Code Review Room, to visually monitor the activities of the Receiving Party's representative during any Source Code review, and the Receiving Party shall be entitled to a copy of the log on one (1) business day notice. Such person may not, without permission, observe what the Receiving Party's representative writes, types or says during the Source Code review. No more than a total of ten (10) individuals identified by the Receiving Party shall have access to the Source

Code, including printed portions of Source Code (except insofar as such code appears in any court filing or expert report).

ix.    Unless otherwise agreed in advance by the parties in writing, following each inspection, the Receiving Party's Outside Counsel and/or experts shall remove all notes, documents, and all other materials from the room that may contain work product and/or attorney-client privileged information. The Producing Party shall not be responsible for any items left in the room following each inspection session and the Receiving Party has no expectation of privacy in any materials left without a prior agreement to that effect.

x.    The Receiving Party will not copy, remove, or otherwise transfer any portion of the Source Code from the Source Code Computer including, without limitation, copying, removing, or transferring any portion of the Source Code onto any other computers or peripheral equipment except as otherwise provided herein. The Receiving Party will not transmit any portion of the Source Code in any way from the location of the Source Code inspection.

xi.    Only the following individuals shall have access to "CONFIDENTIAL OUTSIDE COUNSEL ONLY - SOURCE CODE" materials, absent the express written consent of the Producing Party or further court order:

21

(1)  Outside litigation counsel of record for the Receiving Party, and supporting personnel employed in the law firm(s) of outside litigation counsel of record, such as attorneys, paralegals, legal translators, legal secretaries, legal clerks and shorthand reporters working at the direction of such counsel to the extent that such person is not involved in competitive decision-making on behalf of a Party or a competitor of a Party, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984);

(2)  Up to three (3) outside experts and their necessary support personnel, subject to the provisions of paragraphs 8 herein, each of whom has signed the form attached hereto as Attachment A and specifically identified as eligible to access Source Code.

(3)  The Court, its technical advisor (if one is appointed), its personnel and stenographic reporters (under seal or with other suitable precautions determined by the Court), and the jury. Court reporters and/or videographers shall not retain or be given copies of any portions of the Source Code.  If used during a deposition, the deposition record will identify the exhibit by its production numbers;

(4)  Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain

confidentiality to the same degree as required by this Protective Order;

(5) While testifying at deposition or trial in this action only: (i) any current officer, director or employee of the Producing Party; and/or (ii) any person designated by the Producing Party to provide testimony pursuant to Fed. R. Civ. P. 30(b)(6). Persons authorized to view Source Code pursuant to this sub-paragraph shall not retain or be given copies of the Source Code except while so testifying; and

(6) Any other person with the prior written consent of the Producing Party.

xii. The Receiving Party's Outside Counsel shall maintain a log of all copies of the Source Code (received from a Producing Party) that are delivered by the Receiving Party to any qualified person under Paragraph g above. The log shall include the names of the recipients and reviewers of copies and locations where the copies are stored and shall be provided to the Producing Party on two (2) business day notice. Upon request by the Producing Party, the Receiving Party shall provide reasonable assurances and/or descriptions of the security measures employed by the Receiving Party and/or qualified person that receives a copy of any portion of the Source Code;

xiii.   A Receiving Party may include only excerpts of Source Code in a

pleading, exhibit, expert report, discovery document, other Court

document, or any drafts of these documents ("Source Code

Documents"); each excerpt of Source Code quoted in a Source

Code Document shall be insubstantial when compared to the entire

Source Code produced by the Producing Party – as an example,

excerpts should be limited to lines in length as opposed to pages.

Images or copies of Source Code shall not be included in

correspondence between the Parties (references to production

numbers shall be used instead) and shall be omitted from pleadings

and other papers whenever possible. If a Receiving Party includes

any portion of Source Code in a Court filing, access to the

Receiving Party's submission, communication, and/or disclosure of

electronic files or other materials containing any portion of the

Source Code (paper or electronic) shall at all times be limited solely

to individuals who are expressly authorized to view Source Code

under the provisions of this Order.  Where the Producing Party has

provided the express written permission required under this

provision for a Receiving Party to create electronic copies of

Source Code, the Receiving Party shall maintain a log of all such

electronic copies of any portion of Source Code in its possession or

in the possession of its retained consultants, including the names of

the reviewers and/or recipients of any such electronic copies, and

the locations and manner in which the electronic copies are stored. Additionally, any such electronic copies must be labeled "CONFIDENTIAL - OUTSIDE COUNSEL ONLY - SOURCE CODE" as provided for in this Order.

xiv. For depositions, the Receiving Party shall not bring copies of any printed Source Code. Rather, at least three (3) business days before the date of the deposition, the Receiving Party shall notify the Producing Party about the specific portions of Source Code it wishes to use at the deposition, and the Producing Party shall bring printed copies of those portions to the deposition for use by the Receiving Party. All paper copies of Source Code brought to the deposition shall remain with the Producing Counsel's Outside Counsel for secure destruction in a timely manner following the deposition.

xv. Images or copies of Source Code shall not be included in correspondence between the parties (references to production numbers shall be used instead) and shall be omitted from pleadings and other papers except to the extent permitted herein.

xvi. Copies of Source Code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers and copies of Source Code shall be

removed by Outside Counsel for the Producing Party for destruction.

xvii. The Receiving Party's Outside Counsel may only disclose a copy of the Source Code to individuals specified in Paragraph k above (e.g., Source Code may not be disclosed to in-house counsel).

24. After termination of this case, including any and all appeals, the provisions of this Protective Order shall continue to be binding, except with respect to those documents and information that become a matter of public record. The Court retains and shall have continuing jurisdiction over the parties and recipients of "Confidential" and "Highly Confidential –Attorneys' Eyes Only" information for enforcement of the provisions of this Protective Order following the termination of this case. Within sixty (60) days of the final conclusion of this case, including any and all appeals, the Parties shall make reasonable efforts to either:

a) Assemble and return to the Subject Person providing information designated as "Confidential" or "Highly Confidential –Attorneys' Eyes Only" all such Documents in his or her possession; or

b) Destroy all such Documents in his or her possession, delivering to the Subject Person providing such Documents a written certificate that he or she has complied with this Protective Order, if requested by the Subject Person.

Notwithstanding the foregoing, at the close of the case, the Parties and their Outside Counsel may (1) retain one set of designated materials to document the substance and disposition of the claims and defenses in this case, and (2) retain designated materials to the limited extent required by their internal document retention policies and procedures and/or their regulatory

obligations, so long as such designated materials are held in the strictest confidence and remain subject to the provisions of this Protective Order. Notwithstanding the proceeding sentence, all Source Code (including all paper copies of source code print outs) must be returned to the Subject Person or destroyed consistent with the requirements of paragraph 23(a)-(b) above.

25.     The Parties may amend this Protective Order by mutual agreement in a writing signed by an authorized representative of each Party and approved by the Court.

26.     The notices required in this Order shall be directed to the Subject Person's counsel of record or, if none, that Subject Person's specifically designated representative.

SO ORDERED, this __17__ day of May, 2023.


Robert B. Jones, Jr.
United States Magistrate Judge

27